TuRley, J.
delivered the opinión of the court.
This is an action of trespass on the case-brought by Hanse McMurdie against James Odonnell, to recover rent for the use and occupation of certain premises in the county of Montgomery.
The facts of the case, as they appear from the bill of exceptions, are as follows: James Odonnell was the owner of the tract of land, for the use and occupation of which the rent *135 is claimed; he conveyed it in trust to George C. Boyd, to secure the payment of certain debts due by him to Hans Me-Murdie; these debts not being paid, George C. Boyd, in pursuance of powers vested in him by the deed of trust, on the 27th day of July, 1843, exposed the land to public sale, when it was bid off by Hans McMurdie, for the sum of one thous- and one hundred and seventy-five dollars; no deed of conveyance was made by the trustee under this sale; the defendant was in possession at the time of the sale, and has continued so ever since, and just before the expiration of the two years from the date of the sale, he redeemed the land under our statute in such cases made and provided, and the rent is claimed for these two years.
Upon this statement of facts, the court charged the jury— “That if the plaintiff purchased the land at the sale made by the trustee, and the defendant remained on the lands from the sale until it was redeemed by him from the plaintiff, he was quasi tenant, and the jury might, or not, infer from the circumstances, that there was a contract for rent between the parties, and if so, he was liable in this form of action for rent of the land until it was redeemed.” Under which charge, the jury found a verdict for the plaintiff, and there was judgment accordingly, to reverse which, this writ of error was prosecuted.
The whole question presented for our consideration, arises out of the charge of the circuit Judge. Is that charge correct? We think it is not — our act of 1820, chap. 11, permits the redemption of lands sold under execution, at any time within two years, either by the debtor himself, or any of his creditors, and the act of 1823, chap. 24, places land sold under deed of trust upon the same footing. Now, what is the relation of the owner of the lands thus sold (if he remain in-possession) and the purchaser, during the continuance of these ■ two years. The circuit Judge holds, in his charge, that it is,, that of a quasi tenant
The relation between a purchaser at execution sale, and' the person in possession, has never been considered as. that of landlord and tenant, but antagonistic; and therefore the purchaser may bring his action of ejectment, immediately *136 upon the completion of his title by deed of conveyance from the sheriff, to get into possession, without notice to quit, or anyjj other ¡¿formality whatever; and upon recovering possession, may have his • action of trespass for mesne profits: this is the only way in which rents can be recovered by a vendor at execution sale, in the absence of an express agreement, on the part of the person in possession, to hold as tenant, and to pay the rents. The same principles are applicable to purchasers under deeds of trust.
There is no proof of any such agreement in this case: it is true that, like every other fact, positive and direct proof of its existence is not.required; it maybe inferred from circumstantial evidence; and this, we suppose, is what was in the mind of the Judge, when he said that the jury might, or might not, infer from the circumstances that there was a contract for rent between the parties.
The proposition taken abstractly, is unquestionably true; but taken in connexion with the facts of the case, and the assumption of the Judge, is wholly erroneous. He commences the assertion of this proposition, by the assumption of the principle, that the continuance of the possession by the defendant, after the purchase by the plaintiff, made him quasi a tenant, and that the jury might, or might not, infer from the circumstances a contract for rent.
Now, it is obvious, from this charge, that the Judge comprehended the law of this case, and the necessity of proving a direct contract in order to constitute the relation of landlord and tenant; and there being no proof whatever, either positive or circumstantial, to establish such a contract, he has stated what he considered to be the relation between the p arties; but not choosing to have a verdict rested upon that relation, he says, the jury may, or may not, infer, from the circumstances, that there was a contract to pay for the use and occupation of the premises.
Now, it is obvious that these propositions, stated in this category, misled the jury, and induced them to suppose that they might infer such a contract, from the relation assumed to exist between the parties; and this must have been so, *137 as there is no proof whatever of the existence of such a contract.
The judgment will, therefore, be reversed, and the case remanded for a new trial.